KENNEDY v. STRANAHAN ET AL.

1. **Trust**: JUDICIAL SALE. At a sheriff's sale of land under a judgment in favor of H, it was bid off in the name of his widow, in trust for the estate, in accordance with an arrangement between her and the administrator of H, and she received a certificate of purchase, paying nothing, however, but sheriff's costs and attorney's fees: *Held*, that she was not entitled to a deed.

2. ———: ———: PRACTICE. In an action by the widow to compel the sheriff to execute to her a deed, in which it appeared that the land sold under execution had been contracted by title bond to the judgment defendant but not conveyed, and that redemption had been tendered, and the action was docketed as a chancery cause: *Held*, that the court should have rendered complete relief by joining all necessary parties, ordering a conveyance to the judgment defendant, and reimbursing the trustee for the costs paid by her.

*Appeal from Keokuk Circuit Court.*

WEDNESDAY, SEPTEMBER 23.

THIS is a proceeding for a mandamus to compel the defendant, Stranahan, as sheriff of Keokuk county, to execute a sheriff's deed for certain real estate sold subject to redemption, and for which a certificate was issued to the plaintiff. The defendant J. A. Hurt, as administrator of the estate of L. H. Hurt, deceased, was made a defendant upon the order of court. The defendant denied the plaintiff's right to the conveyance. The cause was tried to the court, who found and stated his conclusions of fact and law, and thereon rendered judgment for defendant. The plaintiff appeals.

*Harned & Fonda, Woodin & McJunkin*, for appellant.

*C. G. Johnston*, and *Mackey & Donnell*, for appellees.

COLE, J.—The facts founded by the court are substantially these: 1. That on January 9, 1868, L. H. Hurt owned the land in controversy, and sold it to J. H. Jordan for $3,100, and took $100 in cash and Jordan's three notes for $1,000 each, payable in one, two and three years, and gave his bond to convey upon payment of the notes. 2. That Hurt died before the maturity of the notes, and defendant J. A. Hurt was duly appointed administrator in Menard county, Illinois, where the administrator, the deceased, and plaintiff, who is widow of the deceased, but since re-married, all formerly resided, and the first and last named still reside. 3. That the defendant J. A. Hurt was never re-appointed in this State, but recovered judgment by default against Jordan on the notes for the balance due, August 31, 1871, for $1,998.48 and costs. 4. That Jordan duly elected to have the land sold subject to redemption, and it was so sold February 16, 1872, for $2,133.26, and a certificate of sale was issued to plaintiff. 5. That it was arranged before the sale between the plaintiff and the administrator that the land should be bid off in plaintiff's name, to be held by her in trust for the estate, it being understood that

Kennedy v. Stranahan.

it would be redeemed, and the administrator supposing it would be improper for him to bid it off in his name: the plaintiff never paid anything except the sheriff's costs and the attorney's fee for procuring the judgment, amounting to $119. 6. That prior to January, 1873, Jordan, with the administrator's consent, assigned the bond for title to J. P. Hall, as security for a debt, and it was agreed by all that he was to redeem the land. 7. That in February, 1873, Hall, with notice to the administrator, deposited the money necessary to redeem, in the bank at Petersborough, Illinois, subject to the order of the administrator, upon the delivery of a proper deed conveying the land. 8. The administrator was willing and anxious to have the land redeemed, and wrote to his attorney in Iowa for information as to making the deed, and its form. 9. Plaintiff's husband, who had been acting as her agent in the premises, informed the administrator that plaintiff did not desire to keep the land, and would sign the deed, and for him to go on with Hall in his arrangements to redeem; and both the administrator and Hall had reason to believe that plaintiff desired to have the land redeemed. 10. That before the deed was executed, and while the money to redeem was on deposit, the time for redemption expired, and immediately thereafter plaintiff's husband came to Iowa and demanded the deed of the sheriff, and being refused, brought this action. 11. That the administrator was made a party by order of court, and by agreement of parties the cause was docketed as a chancery action and tried by the second method. 12. The administrator now has the money, but with the understanding that it is to be returned if the title cannot be made to Hall or Jordan. 13. That the present value of the land is $5,000.00.

We need not state the conclusions of law found by the Circuit Court. Probably we could not agree fully with the several conclusions of law, whereby that court came to its final judgment against the plaintiff; while we do agree substantially with the judgment.

The finding of fact that the plaintiff's husband was acting as agent for her in the premises, is not unwarranted, in view of all the facts and the testimony; but if this were not so, it

would not affect our final conclusion. In our view, the fact found by the court which is abundantly sustained by the evidence, and indeed is not controverted in argument by appellant's counsel, that the land was, by arrangement between plaintiff and the administrator, bid off in the name of plaintiff in trust for the estate, and this because the administrator supposed it was improper to bid it off in his own name, together with the fact that plaintiff has not paid for the land, nor the amount bid for it, is abundant reason for sustaining the final conclusion or judgment of the Circuit Court. It is clear from these two facts alone, that the plaintiff is not entitled to a sheriff's deed for the land in controversy, either at law or in equity. The fact that the defendant, Hurt, has not been re-appointed administrator in this State, does not render the judgment in his favor invalid, nor help plaintiff's case. But he should so qualify at once.

*1. TRUST: judicial sale.*

But it further appears that the parties agreed that the cause should be docketed as a chancery action, and tried by the second method. It being thus in a court of equity, it seems to us that the court should have rendered full and complete relief. The court should have ordered a conveyance of the land to be made to Hall; and if, for this purpose, other persons were necessary parties, they should be ordered to be made parties. The redemption should be declared effectual, and the plaintiff should be first repaid out of the redemption money, the amount advanced by her.

*2. ——: ——: practice.*

The judgment denying to plaintiff the right to the sheriff's deed is affirmed, and the cause is remanded with directions to proceed and award full relief, as above indicated.

AFFIRMED, BUT REMANDED FOR FURTHER PROCEEDINGS.